IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY KIRK WHITE, #1501249 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv90 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

  The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge John D. Love. The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Magistrate Judge recommends that the petition be dismissed as time-barred. Petitioner has filed objections.

  Having made a *de novo* review of the objections raised by Petitioner to the issues analyzed in the R&R, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit.

  Specifically, Petitioner argues that the Texas state "mailbox rule" should credit that his first state habeas application was mailed on January 26, 2010, for the purposes of computing the statutory tolling period applied to the federal statute of limitations for filing his federal habeas petition under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Under that construction, he argues, the AEDPA limitations period would be sufficiently tolled to make his federal petition timely. The state habeas application in question was stamped as filed in the state trial court on February 4, 2010.

1

The only indication in the record that it was mailed earlier is a cover letter from Petitioner's counsel to the clerk of the state trial court upon which the date of January 26, 2010, is typed, but which is unaccompanied by evidence of actual mailing. Petitioner argues that under *Campbell v. State*, 320 S.W.3d 338 (Tex. Crim. App. 2010) and Tex. R. App. Proc. Rule 9.2(b), the Texas state mailbox rule should credit the January 26, 2010, alleged mailing date.

As the Magistrate Judge pointed out, *Campbell*, 320 S.W.3d at 343-44, explicitly limits itself to the situation of a *pro se* prisoner availing himself of the prison mail system. It is that construction upon which the United States Court of Appeals for the Fifth Circuit based its ruling acknowledging the Texas state mailbox rule in *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013), which also is limited to the situation of a *pro se* prisoner using the prison mailing system. Here, Petitioner was not *pro se*, but was represented by the same counsel who represents him before this Court. Further, he did not use the prison mail system; instead, counsel alleges she mailed the state habeas application to the state trial court for filing. Those circumstances take the mailing outside of *Richards* and *Campbell* for the purposes of the computation of the federal limitations tolling period.

Petitioner further argues, however, that Rule 9.2(b), upon which *Campbell* is based, is not itself limited to either *pro se* litigants or to the prison mailing system, and therefore should apply in this case. Even if this Court were to reach through the governing Fifth Circuit and Texas Court of Criminal Appeals authorities establishing the mailbox rule applicable to Texas state prisoners and give effect to Petitioner's construction, the fact remains that there is no evidence of actual mailing on January 26, 2010. Rule 9.2(b) itself lists the acceptable proof of mailing, including a legible postmark by the U.S. Postal Service; a receipt for registered or certified mail; a certificate of mailing by the U.S. Postal Service; or a receipt endorsed by a commercial delivery service. *Id*. No such proof appears in

the record and does not apply here. Although a court may consider "other proof," *id*., there is no other proof here, only a typed letter bearing a typed date on it, but absent any postmark or other support. The trial court did not stamp the letter as filed until February 4, 2010, which is the first objective evidence of a date of filing. Admittedly, if the state habeas application were mailed on January 26, 2010, the tolling period would have been extended to give Petitioner until February 19, 2011, to file his federal petition. Because that date was a Saturday, and the following Monday was a federal holiday (Washington's Birthday), he would have had until February 22, 2011, to file his federal petition - which is the date it was filed. However, even assuming that the Court should apply Petitioner's construction of Rule 9.2(b) in a way not addressed in *Richards* or *Campbell*, the rule's own denomination of acceptable proof of mailing is not met here to enable the Court to credit January 26, 2010, as the mailing date.

Accordingly, Petitioner's objections are without merit and his federal habeas petition is untimely. It is therefore

**ORDERED** that Petitioner's Objections (docket entry #13) are hereby **OVERRULED**. It is further

**ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that any remaining motions by either party not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 3rd day of February, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**